UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JILLIAN BLOUGH,

                       Plaintiff,

- against -

DR. RICHARD IZQUEIRDO HEALTH AND SCIENCE CHARTER SCHOOL and RICHARD BURKE,

                       Defendants.

**ORDER**

21 Civ. 2025 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

        This is a Section 1983 action in which Plaintiff Jillian Blough alleges that her Fourteenth Amendment right to intimate familial association was violated. (Am. Cmplt. (Dkt. No. 27)) Defendants are the Dr. Richard Izquierdo Health and Science Charter School (the "School") and Richard Burke, the School's principal and Plaintiff's supervisor. (Id. ¶¶ 5-6) On April 15, 2022, Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Def. Mot. (Dkt. No. 31)) This Court referred Defendants' motion to Magistrate Judge Barbara Moses for a Report and Recommendation ("R&R"). (See Dkt. No. 36) In her January 9, 2023 R&R, Judge Moses construes Defendants' motion as having been brought under Fed. R. Civ. P. 12(b)(6), and she recommends that Defendants' motion be granted. (See R&R (Dkt. No. 39))

        For the reasons stated below, this Court will adopt the R&R's recommendation that Plaintiff's Section 1983 claim be dismissed.

# BACKGROUND

## I. THE R&R'S FACTUAL STATEMENT[1]

The School is a charter school located in the Bronx. According to the Amended Complaint, the School "'receives a substantial portion of its funding and oversight from the City of New York and the New York City Department of Education.'" (Id. at 1 (quoting Am. Cmplt. (Dkt. No. 27) ¶ 5)

Plaintiff was hired by the School as an art teacher in July 2014. (Id.) Plaintiff's husband, Brian Blough, was then employed at the School. (Id.) Defendant Burke was aware of the Blough's marriage. (Id.) Mr. Blough left the School in June 2018 to become the principal of another school. (Id. at 1-2)[2] Several of the School's teachers followed Mr. Blough to his new school. (Id.)

According to the Amended Complaint, Defendant Burke was upset by Mr. Blough's departure, and by the fact that certain teachers at the School had left to join Mr. Blough. (Id. at 2) Defendant Burke allegedly told another School employee that he planned to fire Plaintiff in retaliation. (Id.) Shortly after Mr. Blough left the School, Plaintiff discovered a job posting for her position online. She confronted Burke about the listing, but he told her that her job was not in danger. (Id.)

---

[1] Because the parties have not objected to Judge Moses's factual statement, this Court adopts it. See Silverman v. 3D Total Solutions, Inc. et al., 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts[,] . . . the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true."); Hafford v. Aetna Life Ins. Co., 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full.").

[2] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

2

At the start of the 2018-2019 school year, Plaintiff was assigned a co-teacher who ultimately replaced her, and was assigned new responsibilities for which she was not trained, certified, or qualified. (Id.) The School also began reprimanding Plaintiff for behavior that had been condoned in the past. (Id.)

Defendant Burke fired Plaintiff on October 26, 2018. (Id.) He gave her no "'advance[] notice'" and he did not provide a work-related explanation for her termination. (Id. (quoting Am. Cmplt. (Dkt. No. 27) ¶ 20)) Burke merely told Plaintiff that he "'had no choice but to let [her] go.'" (Id. (quoting Am. Cmplt. (Dkt. No. 27) ¶ 20 (alterations in R&R)) "Plaintiff alleges that she was terminated 'solely based on her intimate association with [Mr. Blough], as his wife,'" and "that Burke was 'motivated, at least in part, by her relationship [Mr. Blough].'" (Id. (quoting Am. Cmplt. (Dkt. No. 27) ¶ 20)) Because the school year had already begun, Plaintiff was not able to obtain a new teaching position until the following summer. (Id.)

> Plaintiff alleges that the termination of her employment "was intended to and did in fact intrude upon and interfere with" her marital relationship. Am. Compl. ¶ 22. The intrusion consisted of the financial strain attendant upon her job loss, which in turn caused Mr. Blough to take on additional work to support the family, leaving plaintiff to assume additional parenting duties. Id. ¶ 22-23. These adjustments also "delayed and impacted an adoption [the Bloughs] were pursuing." Id. ¶ 22.

(Id. at 3) Judge Moses notes that "[n]o further details are provided [in the Amended Complaint]. Plaintiff does not allege that the couple divorced, separated, or contemplated either. Nor does she allege any other facts suggesting that their marital bond frayed as a result of her job loss." (Id.)

3

## II.   PROCEDURAL HISTORY

The Complaint was filed on March 9, 2021 (Dkt. No. 1), and Defendants filed an answer on June 21, 2021. (Dkt. No. 15).

On February 24, 2022, this Court conducted a pre-motion conference to discuss Defendants' anticipated motion to dismiss. At that conference, this Court discussed the alleged deficiencies in the Complaint and granted Plaintiff leave to amend to address those deficiencies. (Feb. 24, 2022 Order (Dkt. No. 26))

The Amended Complaint was filed on March 7, 2022, and alleges claims against Defendants under Section 1983 for violations of (1) Plaintiff's First Amendment and Fourteenth Amendment rights; (2) "related provisions of the New York State Constitution"; and (3) "the New York City Administrative Code." (Am. Cmplt. (Dkt. No. 27) ¶¶ 26-30)

Defendants filed the instant motion on April 15, 2022. (Dkt. No. 31) That same day, the parties filed a stipulation of dismissal as to Plaintiff's Section 1983 First Amendment claim. (Dkt. Nos. 30, 35) On April 18, 2022, this Court referred Defendants' motion to Judge Moses for an R&R. (Dkt. No. 36) On January 9, 2023, Judge Moses issued a sixteen-page R&R recommending that Defendants' motion for judgment on the pleadings be construed as a motion to dismiss, and that the motion be granted.[3] (R&R (Dkt. No. 39))

---

[3] A Rule 12(c) motion for judgment on the pleadings is made "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Here, Defendants have not filed a responsive pleading to the Amended Complaint. Because Defendants' motion "was filed in lieu of an answer to the Amended Complaint," Judge Moses correctly concludes that Defendants' motion is properly construed as a motion to dismiss under Rule 12(b)(6). (R&R (Dkt. No. 39) at 6 n.2) See Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 647 (S.D.N.Y. 2006) ("While the Motion is styled as one pursuant to Fed. R. Civ. P. 12(c), . . . the Court construes the Motion as one made pursuant to Fed. R. Civ. P. 12(b)(6) since [defendant] has not filed an answer to the Amended Complaint.").

**DISCUSSION**

I. **LEGAL STANDARDS**

   A. **Review of a Magistrate Judge's Report and Recommendation**

   28 U.S.C. § 636(b)(1) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations . . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

   In her R&R, Judge Moses informs the parties that they

   > have 14 days from [the] date [the R&R was issued] to file written objections to this Report and Recommendation . . . . Any request for an extension of time to file objections must be directed to Judge Gardephe. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review.**

(R&R (Dkt No. 425) at 20 (emphasis in original) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), and 72(b); Thomas v. Arn, 474 U.S. 140 (1985); Frydman v. Experian Info. Sols., Inc., 743 F. App'x, 486, 487 (2d Cir. 2018) (summary order); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)))

   No party has objected to Judge Moses's R&R.

   In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 108) at 14) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) ("[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object.") (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

## II.  ANALYSIS

Although the parties did not brief the issue of whether the School and Defendant Burke were acting "'under color of state law' when terminating plaintiff's employment," Judge Moses addresses this issue, and concludes that the Amended Complaint does not plead facts

6

sufficient to demonstrate that Defendants were "acting under color of state law." (R&R (Dkt. No. 39) at 7-10)

This Court will not adopt this portion of the R&R, because the issue cited by Judge Moses was not briefed by the parties and – in any event – is not necessary to the resolution of Defendants' motion.

As to whether Plaintiff has stated a claim under Section 1983 for the violation of her Fourteenth Amendment right to intimate familial association, Judge Moses begins by setting out the relevant legal standard:

> "The Fourteenth Amendment guarantees a substantive right under the Due Process Clause to intimate familial association." Lara-Grimaldi v. Cnty. of Putnam, 2019 WL 3499543, at *3 (S.D.N.Y. Aug. 1, 2019) (quoting Gorman v. Rensselaer County, 910 F.3d 40, 47 (2d Cir. 2018)). "The husband-wife relationship" has "been recognized as warranting protection." Maselli v. Tuckahoe Union Free Sch. Dist., 2018 WL 4637003, at *4 (S.D.N.Y. Sept. 27, 2018). However, in order to plead a Fourteenth Amendment claim for violation of the right to intimate familial association, a plaintiff must allege that the "state action was specifically intended to interfere with the family relationship," as "only deliberate conduct implicates due process." Lara-Grimaldi, 2019 WL 3499543, at *3 (quoting Gorman, 910 F.3d at 47) (additional emphasis added); see also Garten v. Hochman, 2010 WL 2465479, at *5 (S.D.N.Y. June 16, 2010) (Gardephe, J.) (dismissing intimate familial association claim where, among other things, plaintiff failed to plead facts showing that defendant's decision to assign plaintiff's children to a different elementary school was "motivated by a desire to interfere with his relationship with his children"). . . .
>
> Beyond this, many courts have held that "an intimate association right is not violated unless the challenged action has the likely effect of ending the protected relationship." Adler v. Pataki, 185 F.3d 35, 43-44 (2d Cir. 1999); see also Garten, 2010 WL 2465479, at *5 (complaint was insufficient because "Garten has not alleged – nor could he – that the decision to move [his children] from one school to another had 'the likely effect of ending' his relationship with his children") (quoting Adler, 185 F.3d at 43); Harris-Thomson v. Riverhead Charter Sch. Bd. Of Trustees, 2016 WL 11272084, at *14 (E.D.N.Y. Feb. 23, 2016) (recommending dismissal of Fourteenth Amendment claim where plaintiff claimed that the Board of Trustees failed to reappoint her as a trustee in retaliation for removing her son from the school but failed to allege that defendants' actions "either had the 'the likely effect of ending' her relationship with her son or, at the very least, constituted an undue

intrusion on her ability to make educational decisions for her son"), report and recommendation adopted, 2016 WL 4617207 (E.D.N.Y. Sept. 6, 2016). Conduct that merely stresses the family relationship cannot be the basis for a constitutional claim. Lyng v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW, 485 U.S. 360, 365-66 (1988) (statute denying food stamps to the "household" of a striking worker did not infringe plaintiffs' associational rights because it "does not order any individuals not to dine together nor does it in any other way directly and substantially interfere with family living arrangements") (internal quotation marks omitted); Garten, 2010 WL 2465479, at *5 (allegations that defendant's conduct placed "severe strain" on parent's relationship with his children were insufficient).

(Id. at 10-12) (emphasis added in R&R)

Here – as Judge Moses finds – the Amended Complaint does not plead "any facts supporting [Plaintiff's] conclusory allegation that Burke's conduct 'was intended to and did in fact intrude upon or interfere with her relationship'" with her husband. (Id. at 13 (quoting Am. Cmplt. (Dkt. No. 27) ¶ 22)) While Plaintiff alleges that Burke fired her "because of her relationship with Mr. Blough," that "is not the same thing as discharging her in order to harm her relationship" with him. (Id. (emphasis in original)) Judge Moses further notes that the Amended Complaint merely pleads that Burke's conduct placed a "strain" on Plaintiff's relationship with her husband; Plaintiff does not allege that Burke's conduct had the "likely effect" of ending their marriage. (Id. at 14). "This type of strain, which is common when a working spouse loses his or her job, is insufficient to state a constitutional claim based on the right to intimate familial association." (Id. (citing Rajaravivarma v. Bd. of Trustees for Conn. State Univ. Sys., 862 F. Supp. 2d 127 (D. Conn. 2012); Garten, 2010 WL 2465479, at *5))

This Court finds no clear error in Judge Moses's determination that the Amended Complaint does not plead a plausible claim for relief under Section 1983 for a violation of Plaintiff's Fourteenth Amendment right to intimate familial association. Accordingly, that claim will be dismissed.

As to whether this Court should exercise jurisdiction over the Amended Complaint's pendent state law claims for violations of the New York State Constitution and the New York City Administrative Code, Judge Moses notes that "[c]ourts in this District 'routinely' decline to exercise supplemental jurisdiction over local [and state] law claims after dismissing all federal claims at the pleading stage." (Id. at 15 (quoting Espinoza v. New York City Dep't of Transportation, 304 F. Supp. 3d 374, 391 (S.D.N.Y. 2018) (collecting cases))) This Court agrees with Judge Moses that there "is no reason to depart from that practice here." (Id.)

Judge Moses also recommends that this Court deny Plaintiff leave to amend.

Rule 15(a)(2) requires that leave to amend be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, "in determining whether leave to amend should be granted, the district court has discretion to consider, inter alia, the apparent futility of amendment." Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000).

Here, amendment of Plaintiff's Section 1983 Fourteenth Amendment claim would be futile. At the February 24, 2022 pre-motion conference in this case, this Court explained in detail why the Complaint's Fourteenth Amendment intimate association claim was deficient, including the failure to plead facts showing a specific intent to interfere with or impair Plaintiff's relationship with her husband. (Feb. 24, 2022 Tr. (Dkt. No. 33-1) at 6) On March 7, 2022, Plaintiff filed an amended complaint that does not address the deficiencies identified by the Court. And in opposing Defendants' motion to dismiss, Plaintiff "admits that she 'cannot plead that [defendants' conduct] has led to the end of her marriage.'" (R&R (Dkt. No. 39) at 14 (quoting Pltf. Opp. (Dkt. No. 37)).

Accordingly, this Court adopts the R&R's recommendation that leave to amend be denied.

## **CONCLUSION**

The R&R (Dkt. No. 39) is adopted as set forth above. Defendant's motion to dismiss (Dkt. No. 31) is granted.

The Clerk of Court is directed to terminate the motion (Dkt. No. 31) and to close this case.

Dated: New York, New York
       March 31, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge